UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-36-RJC

| | |
|---|---|
| HERBERT J. ROBINSON, JR., | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| LINDA BROOME, Sergeant LORI PIERCE, THETUS FARRIS, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff Herbert Robinson, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and an Application to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2), on January 18, 2013. For the reasons explained below, the Court grants Plaintiff's IFP Motion for the limited purpose of reviewing the Complaint and dismisses Plaintiff's Complaint sua sponte.

## I.     BACKGROUND

Plaintiff is an inmate in the Union County Jail and has filed his Complaint pursuant to 42 U.S.C. § 1983 against Linda Broome, Sergeant Lori Pierce, and Thetus Farris. Defendant Broome is identified as Evidence Custodian for the Union County Sheriff's Office. Defendant Lori Pierce is identified as a sergeant in the Union County Sheriff's Office Support Services Division. Thetus Farris is not identified beyond being named in the Complaint. Plaintiff's lawsuit against Defendants is based on the following factual allegations:

> Evidence custodian Linda Broome lost my sexual assault kit. The chain of
> custody records was to be updated once it came back from the lab. As of today, it

> hasn't been seen since 2005. Sgt. Lori Pierce is now the sergeant in the support services division. They are saying it has been lost due to housekeeping.

(Doc. No. 1 at 4). Plaintiff seeks "some reimbursement from the freedom that I lost" as relief. (Id.). Although Plaintiff does not specify the constitutional right that has been violated, he is most likely alleging a due process violation.

First, as for Plaintiff's motion to proceed in forma pauperis, the Court has examined Plaintiff's financial statement and finds that Plaintiff qualifies for in forma pauperis status for the purpose of this initial review.

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts look to the personal injury statute of limitations from the relevant state. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). In North Carolina, the statute of limitations for personal injuries is three years. See N.C. GEN. STAT. § 1-52(16). Under N.C. GEN. STAT. § 1-52(13), the statute of limitations for claims against public officers acting under color of office is also three years.

Although the statutory limitations period for Section 1983 actions is borrowed from state law, "[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Id.; see Urie v. Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights"); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action").

The Court first finds that a three-year statute of limitations applies to Plaintiff's claim against Defendants based on Defendants' loss of the rape kit. Here, the Court takes judicial notice of the fact that the North Carolina Department of Public Safety records show that Plaintiff was convicted of second-degree rape on June 28, 2004, and that he was sentenced to ten years and one month imprisonment. The Department of Public Safety records also show that Plaintiff's projected release date was April 17, 2011, and his last movement date was April 18, 2011. Plaintiff is currently incarcerated in the Union County Jail, but he does not indicate why he is incarcerated again.

By Plaintiff's own allegations, he has known, or should have known, since 2005 that officials lost the rape kit in his case. Plaintiff did not file this action until 2013, seven years later; thus, Plaintiff's claim is time-barred, and the Court will dismiss this claim with prejudice.[1] See Jones v. Bock, 549 U.S. 199, 215 (2007) (noting that in an initial review under § 1915(e) of the

---

[1] Furthermore, Plaintiff assumes, without providing any supporting allegations, that the results of the rape kit would be exculpatory.

PLRA, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed with prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED**;

2. The Clerk of Court, however, shall refrain from issuing process for Defendants because the Court has conducted its initial review and determined that Plaintiff is not entitled to proceed with this action;

3. Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein. The Clerk is instructed to close the case.

4. The Clerk is also instructed to note on the docket report that dismissal of this action will count as Plaintiff's third strike under 28 U.S.C. § 1915(g) if dismissal is affirmed on appeal, or upon expiration of the time in which to file a notice of appeal, if Plaintiff does not appeal the dismissal. See Robinson v. Underwood, 3:12cv168 (W.D.N.C.) (in forma pauperis action dismissed on May 31, 2012, appeal not taken); Robinson v. NC State Bar, 3:12cv313 (W.D.N.C.) (same).

Signed: January 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge